IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ALLEN, JR.,

        Petitioner,                        No. CIV S-06-1923 FCD DAD P

    vs.

MARK SHEPARD, Warden, et al.,

        Respondents.                 ORDER

_____/

        Petitioner, a state prisoner proceeding through counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        In his petition, petitioner contends that some of his claims are unexhausted and requests that the court hold the petition in abeyance. (Petition at 3.) The court will order petitioner to file and serve a motion for a stay and abeyance on the Attorney General's Office.

        The Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. Rhines v. Weber, 544 U.S. 269, 277 (2005). See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully exhausted federal petitions pending exhaustion of other claims); Calderon v. United States Dist. Court (Taylor),

1

1    134 F.3d 981, 987-88 (9th Cir. 1998).  This discretion to issue a stay extends to mixed petitions.
2    Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has
3    discretion to stay a mixed petition to allow a petitioner time to return to state court to present
4    unexhausted claims.").  The Supreme Court cautioned, however, that "stay and abeyance should
5    be available only in limited circumstances" and that a stay "is only appropriate when the district
6    court determines there is good cause for the petitioner's failure to exhaust his claims first in state
7    court."  544 U.S. at 277.  Even if a petitioner shows good cause, the district court should not
8    grant a stay if the unexhausted claims are plainly meritless.  Id.  Finally, federal proceedings may
9    not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to
10   state court to exhaust additional claims.  Id. at 277-78

11              Petitioner's request for a stay and abeyance does not provide sufficient facts and
12   information to satisfy the requirements of Rhines.  Accordingly, the court is unable to determine
13   whether petitioner had good cause for failing to exhaust all of his claims before filing this action,
14   whether petitioner's unexhausted claims are potentially meritorious or whether petitioner has
15   been diligent in pursuing his unexhausted claims.  See Taylor, 134 F.3d at 987 nn. 8 & 11
16   (failure to make a showing of diligence in pursuing additional claims may foreclose a stay).  For
17   these reasons, petitioner's request will be denied without prejudice to the filing of a motion for a
18   stay and abeyance.

19              Petitioner will be granted thirty days to file a his motion to stay proceedings.  The
20   motion submitted for filing must include a proof of service showing that a copy of the motion
21   was served on respondents' counsel.  The motion must (1) show good cause for petitioner's
22   failure to exhaust all claims prior to filing this action, (2) identify petitioner's unexhausted claims
23   and demonstrate that each is potentially meritorious, (3) describe the status of state court
24   proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with
25   diligence in pursuing additional claims.  The court will also order respondents to file their
26   /////

1 opposition or non-opposition to petitioner's motion, and petitioner may file a reply to any
2 opposition to his motion.
3         Accordingly, IT IS HEREBY ORDERED that:
4         1. Petitioner's request for a stay and abeyance, submitted in his habeas petition
5 filed on August 25, 2006, is denied without prejudice;
6         2. Within thirty days from the service of this order, petitioner shall file and serve
7 a motion for a stay and abeyance as set forth in this order on Michael Patrick Farrell, Senior
8 Assistant Attorney General;
9         3. Within thirty days from the service of the motion for a stay and abeyance,
10 respondents shall file their opposition or non-opposition to the motion; thereafter, petitioner may
11 file a reply within twenty days after service of the opposition; and
12         4. The Clerk of the Court shall serve a copy of this order together with a copy of
13 petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick
14 Farrell, Senior Assistant Attorney General.
15 DATED: September 22, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
alle1923.sty