IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ALLEN, JR.,

      Petitioner,                    No. CIV S-06-1923 FCD DAD P

      vs.

MARK SHEPARD,

      Respondent.                <u>ORDER</u>

_____/

      Petitioner, a state prisoner proceeding through counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On January 27, 2010, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Petitioner filed objections to the findings and recommendations, arguing, inter alia, that counsel was in the process of obtaining an "expert report," which would have provided evidence in support of petitioner's claims that trial counsel was ineffective in failing to utilize an independent forensic pathologist at trial. On February 23, 2010, the court adopted the findings and recommendations in full and entered judgment against petitioner, noting that the unsigned

expert report attached to petitioner's objections did not mandate a different result because the report did not provide evidence that (1) an independent forensic pathologist would have reached a different conclusion regarding cause of death; (2) medical malpractice or drug use contributed to the victim's death; or (3) petitioner's actions in shooting the victim was not the cause of death.

On March 19, 2010, petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) on the basis of counsel's failure to advise petitioner's expert witness to reference evidence within the record. Petitioner submitted a revised expert report in support of the motion.

Federal Rule of Civil Procedur 60(b)(1) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" on the basis of "mistake, inadvertence, surprise, or excusable neglect." In determining whether neglect is excusable, the court considers the possibility of prejudice to the opposing party, the length of delay, the reason for the delay, and whether the moving party acted in good faith. Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002). However, Rule 60(b)(1) provides no relief for ignorance, carelessness, or inexcusable neglect. Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1100-01 (9th Cir. 2006) (declining to grant relief from judgment based upon alleged attorney-based mistakes of law and noting that "this includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct"); see Jones v. United States, 255 F.3d 507, 511-12 (8th Cir. 2001) ("[a]n attorney's ignorance or carelessness is not cognizable under Rule 60(b).").

The court concludes that petitioners' counsel's failure to submit an expert report that referenced the record either to the magistrate judge or to this court on objections to the magistrate judge's findings and recommendations is not excusable neglect cognizable under Rule 60(b)(1). Moreover, even if the court were to consider the revised report, the court's conclusion would not be altered. At most, the report calls into question whether trial counsel would have benefitted from retaining an independent pathologist as a defense expert witness at

1 trial. However, nothing in the report corrects the deficiencies identified in the court's May 19,
2 2010 order. Furthermore, nothing in the revised report challenges the magistrate judge's well-
3 reasoned finding that petitioner failed to demonstrate any prejudice from the failure to call an
4 independent expert to testify to the cause of death. See <u>Casey v. Albertson's Inc.</u>, 362 F.3d
5 1254, 1260 (9th Cir. 2004) (affirming the district court's denial of the plaintiff's Rule 60(b)(1)
6 motion where the additional evidence proffered would not have changed the outcome of the
7 litigation).

8       Accordingly, petitioner's motion for relief from judgment is DENIED.

10 DATED: May 7, 2010

                              FRANK C. DAMRELL, JR.
                              UNITED STATES DISTRICT JUDGE